JUDGE DAVID GUADERRAMA   FILED

MAY 2 4 2013

STERN DISTRICT COURT
DISTRICT OF TEXAS
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | |
|---|---|
| **RICARDO MAGALLANES,** | § |
| | § |
| **Plaintiff,** | § CIVIL ACTION NO.:_____ |
| | § (JURY TRIAL) |
| **VS.** | § |
| | § |
| **FORD MOTOR COMPANY,** | § |
| | § |
| **Defendant.** | § |

**EP13CV0175**

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Title 28 U.S.C. §§1441(a) and (e) and 28 U.S.C. §1332, Defendant Ford Motor Company ("Ford") hereby gives notice of removal of an action filed against it in the 384th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division. In support of this removal, Ford would show the Court as follows:

### Preliminary Matters

1.      On April 17, 2013, an action was commenced by Plaintiff Ricardo Magallanes against Ford in the 384th Judicial District Court of El Paso County, Texas styled *Ricardo Magallanes, Plaintiff v. Ford Motor Company, Defendant*, Cause No. 2013-DCV1560 (Tab 2, Appendix to Notice of Removal ("App.")).

2.      On April 26, 2013, a copy of Plaintiff's Original Petition and Request for Disclosure (hereinafter "Pl. Pet.") was served by Certified Mail on Ford's registered agent for service of process in the State of Texas (App. Tab 4). Ford answered the Plaintiff's Petition on May 20, 2013 (App. Tab 5).

## Nature of the Case

3.      This is a negligence case.  Plaintiff owned a 2007 Ford Focus (Pl. Pet. ¶8.) Plaintiff claims that Ford breached its duty of ordinary care to Plaintiff by providing key source code information to a third party that allowed duplicate keys to be produced, without Plaintiff's knowledge or consent (*Id.* ¶¶19-21).  Plaintiff claims that as a result, he became the unwitting victim of a criminal scheme in which drug dealers used the duplicate keys to place illegal drugs in his trunk while his vehicle was in Juarez, Mexico, and then removed the drugs from the trunk after he had driven back into El Paso, Texas (*Id.* ¶¶6-12).  United States Customs discovered the drugs in the trunk, Plaintiff was arrested and convicted, and he spent six months in jail before he was released and acquitted (*Id.* ¶¶13-15).

4.      Plaintiff claims that during the period of imprisonment, during his criminal trial, and after the trial, he suffered damages, including actual damages, past and future mental anguish, lost wages, loss of earning capacity, and loss of consortium (*Id.* ¶¶16, 23).

## Grounds for Removal – Diversity

5.      The present action is one over which this Court has original jurisdiction under the provisions of Title 28, United States Code, §§1332 and 1441(a) in that it is a civil action between completely diverse parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.      Plaintiff Ricardo Magallanes is a citizen of the State of Texas (Pl. Pet. ¶2). Currently, and at all times relevant to this action, Defendant Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan.

## Amount in Controversy

7.      Plaintiff's damage claims meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. §1332(b).  Although Plaintiff has not pled a specific

amount of compensatory damages sought in his Petition, it is apparent from the face of the Petition that the claimed damages will be far above $75,000, exclusive of interest and costs. Plaintiff seeks actual damages, past and future mental anguish, lost wages, loss of future earning capacity, and loss of consortium based on an allegedly wrongful six-month incarceration in prison. Plaintiff will not dispute the fact that his claimed damages far exceed $75,000. In the unlikely event that Plaintiff challenges Ford's assertion that the amount in controversy exceeds $75,000 through a motion to remand, Ford reserves its right to conduct discovery on this issue and will submit evidence to this Court in support of the amount in controversy requirement. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000); *Harmon v. OKI Sys.*, 115 F.3d 477, 479-80 (7th Cir. 1997); *Marcel v. Pool Co.*, 5 F.3d 81, 84-85 (5th Cir. 1993).

### Removal is Timely

8.      As a general rule, a notice of removal must be timely filed within 30 days of receipt of an initial pleading or service of summons. 28 U.S.C. §1446(b). Defendant is filing this notice of removal within 30 days of April 26, 2013, the date on which it was served with summons and received Plaintiff's Original Petition.

### Other Requirements

9.      On filing of this Notice of Removal, Ford will provide written notice to Plaintiff in this action and will file a copy of the Notice of Removal with the Clerk of the Court for the 384th Judicial District, El Paso County, Texas.

10.      The 384th Judicial District Court of El Paso County, Texas is located in the Western District of Texas, El Paso Division. Further, the Appendix accompanying this Notice of Removal contains all of the executed process, pleadings, and orders served on Ford, as well as the docket sheet on file in this matter. *See* Appendix to Notice of Removal, attached hereto.

**Prayer**

Defendant Ford Motor Company requests that this action be removed from the 384th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.  Defendant further requests all other and further relief to which it is justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS L.L.P.
701 Brazos, Suite 1500
Austin, Texas  78701
(512) 708-8200
(512) 708-8777 (fax)

BY: _____

Michael W. Eady (Attorney-in-Charge)
State Bar No. 06332400
William L. Mennucci
State Bar No. 00788042

**ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 28th day of May, 2013, a true and correct copy of the above and foregoing document was served upon the following counsel of record via Certified U.S. Mail, Return Receipt Requested, in accordance with the Federal Rules of Civil Procedure.

Raul Magallanes
P.O. Box 1213
Friendswood, Texas  77549

Louis Elias Lopez, Jr.
416 North Stanton
Fourth Floor, Suite 400
El Paso, Texas  79901

_____
William L. Mennuccci

*Notice of Removal – Page 4*

JUDGE DAVID GUADERRAMA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FILED

MAY 2 4 2013

C L...S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY

| | |
|---|---|
| **RICARDO MAGALLANES,** | § |
| | § |
| **Plaintiff,** | § CIVIL ACTION NO.: **EP13CV0175** |
| | § (JURY TRIAL) |
| **VS.** | § |
| | § |
| **FORD MOTOR COMPANY,** | § |
| | § |
| **Defendant.** | § |

## APPENDIX TO NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant, Ford Motor Company ("Ford") files this Appendix to Notice of Removal, containing the following documents, which comprise the complete file of the El Paso County District Clerk for Cause No. 2013-DCV1560; *Ricardo Magallanes, Plaintiff v. Ford Motor Company, Defendant*; In the 384th Judicial District Court of El Paso County, Texas:

1. Docket Sheet

2. Plaintiffs' Original Petition and Request for Disclosure with Civil Case Information Sheet

3. Citation of Plaintiffs' Original Petition and Request for Disclosure on Ford Motor Company

4. Executed citation of Plaintiffs' Original Petition and Request for Disclosure on Ford Motor Company

5. Ford Motor Company's Special Exceptions, Original Answer to Plaintiff's Original Petition, and Reliance on Jury Demand

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS L.L.P.
701 Brazos, Suite 1500
Austin, Texas  78701
(512) 708-8200
(512) 708-8777 (fax)

BY: _____

Michael W. Eady (Attorney-in-Charge)
State Bar No. 06332400
William L. Mennucci
State Bar No. 00788042

**ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 28th day of May, 2013, a true and correct copy of the above and foregoing document was served upon the following counsel of record via Certified U.S. Mail, Return Receipt Requested, in accordance with the Federal Rules of Civil Procedure.

Raul Magallanes
P.O. Box 1213
Friendswood, Texas  77549

Louis Elias Lopez, Jr.
416 North Stanton
Fourth Floor, Suite 400
El Paso, Texas  79901

_____
William L. Mennuccci

*Appendix to Notice of Removal – Page 2*

# APPENDIX
# TAB 1

Page p of 1

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE No. 2013DCV1560

| | | |
|---|---|---|
| RICARDO MAGALLANES vs FORD MOTOR COMPANY | §<br>§<br>§<br>§<br>§ | Case Type: **Other Injury or Damage**<br>Date Filed: **04/18/2013**<br>Location: **384th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **FORD MOTOR COMPANY**<br>C.T. CORP SYSTEM<br>350 N. ST. PAUL STREET<br>DALLAS, TX 75201 | **WILLIAM L MENNUCCI**<br>*Retained*<br>512-472-5456(W) |
| Plaintiff | **MAGALLANES, RICARDO** | **LOUIS E LOPEZ**<br>*Retained*<br>915-543-9800(W) |

---

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 04/18/2013 | Original Petition (OCA)          Doc ID# 1 | | |
| 04/24/2013 | Citation | | |
| | FORD MOTOR COMPANY | Served<br>Response Received<br>Returned | 04/26/2013<br>05/20/2013<br>05/03/2013 |
| 05/20/2013 | Answer          Doc ID# 2 | | |

# APPENDIX
# TAB 2



Filed
13 April 17 P10:24
Norma L. Favela
District Clerk
El Paso District

No. 2013- DCV1560

| | | |
|---|---|---|
| RICARDO MAGALLANES | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| | § | |
| VS. | § | 384_th JUDICIAL DISTRICT |
| | § | |
| FORD MOTOR COMPANY | § | EL PASO COUNTY, TEXAS |
| DEFENDANT | § | |
| | § | |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

### Discovery Control Plan

1. PLAINTIFF intends to conduct discovery under Level 2 or 3 of rule 190 of the Texas Rule of Civil Procedure (TRCP)

### Parties

2. PLAINTIFF, RICARDO MAGALLANES is a resident of El Paso County, Texas

3. DEFENDANT, FORD MOTOR COMPANY ("FORD"), is an automobile manufacturer and a foreign corporation whose principal office is located at One American Road, Ford World Headquarters, Room 612, Dearborn, MI 48126. DEFENDNAT is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, at 350 North St. Paul St. Ste. 2900, Dallas, Texas 75201-4234, Tarrant County.

1

## Jurisdiction

4. The court has jurisdiction over DEFENDANT, a nonresident, because DEFENDANT purposely availed itself of the privileges and benefits of conducting business in Texas and by keeping and agent for service of process in Texas.

## Venue

5. Pursuant to Texas Civil Practice & Remedies Code sections 15.002 (a) (1), Venue is proper in El Paso County because here is where all or substantially all of the events or omissions giving rise to the claim occurred.

## Facts

6. DEFENDANT maintains an electronic database that shows when Vehicle Identification Number (VIN)-specific records are accessed by users at DEFENDANT's automobile dealerships.   Users authorized to access DEFENDANT's database do so under specific user accounts issued and maintained by DEFENDANT.

7. One of the pieces of information that DEFENDANT maintains in its database are VIN-specific key source codes which can be used to make duplicate car keys.

8. On or about September 10, 2010, DEFENDANT supplied a source key code in reference to PLAINTIFF's vehicle, a 2007 Ford Focus, VIN: 1FAFP34N17W133926 ("Ford Focus"). A duplicate set of keys to PLAINTIFF's Ford Focus were made with information from one of DEFENDANT's Dealerships in Dallas, Texas ("USER ACCOUNT A").

9. PLAINTIFF did not request, nor did he authorize making of duplicate keys for the Ford Focus. PLAINTIFF was not notified, by DEFENDANT or anyone else, that a source key code for the Ford Focus had been released by DEFENDANT.

10. At the time of this incident DEFENDANT knew PLAINTIFF's address since DEFENDANT was financing the Ford Focus to PLAINTIFF. DEFENDANT sent monthly statements to DEFENDNAT's address of record in El Paso, Texas.

11. On or about November 15, 2010, DEFENDANT's vehicle trunk was illegally opened by members of a drug smuggling organization using a duplicate key. This criminal organization placed two duffle bags containing narcotics in the trunk of his car. The bags were placed while the vehicle was parked in Juarez, Mexico.

12. On November 16, 2010 DEFENDANT used the Mexico-US international bridge and attempted to cross into El Paso, Texas. The drugs were found in the trunk of the Ford Focus after U.S. Customer and Border Patrol (CBP) performed a routine inspection.

13. DEFENDANT was subsequently arrested and confined to prison for approximately six months. DEFENDANT regained his liberty on May 13, 2011

14. On June 27, 2011, the U.S. Government dismissed all indictments against PLAINTIFF after the U.S. Federal Bureau of Investigation obtained evidence of the conspiracy and arrested one of the perpetrators.

15. On May 22, 2012, a federal judge for the U.S. District Court Western District, El Paso Division, signed an order acquitting DEFENDANT of all charges.

16. Throughout the period of imprisonment, during the trial, and after the trial, DEFENDANT and his family suffered damages.

## Common Law Negligence

### Duty

17. DEFENDANT owed a legal duty to PLAINTIFF to conform to a certain standard of conduct to PLAINTIFF against unreasonable risks. The existence of a duty is a question of law. *Nabors Drilling. USA v. Escoro*, 288 S.W.3d at 404. In considering whether there is a common law duty, the courts will apply the risk-utility test.

18. Risk Utility-Test

    a. Balancing Factors

        i. Factors. In deciding whether there is a common law duty, courts apply the risk-utility test. *Foster v. Denton ISD*, 73 S.W.3d 454, 465 (Tex App.-Forth Worth 2002, no pet.) The risk-utility test would be applied to determine the scope of defendant's duty to plaintiff.

        ii. Foreseeability. When these factors are balanced, the most important factor to consider is the foreseeability of the risk. *Texas Home Mngmt. V. Peavy*, 89 S.W.3d 30, 36 (Tex. 2002). Foreseeability requires only that the general danger be foreseeable, not the exact sequence of events that produce the harm. *Mellon Mort. Co. v. Holder*, 5 S.W.3d 654, 655 (Tex. 1999) (plurality op.). The test for foreseeability is whether (1) the injury is of general character that might reasonably have been anticipated; and (2) the injured party is situated in relation

to the wrongful act so that injury to him (or one similar situated) might reasonably have been foreseen. *Mellon*, 5 S.W.3d at 655.

b.   Other Factors

i.   Superior Knowledge. In deciding whether to impose a duty under the risk-utility test, the courts also consider additional factors.   One important factor is whether one party had superior knowledge of the risk. *Nabors Drilling* at 410.

ii.   Duty to Control Another. Courts also consider whether a party had a duty to control the conduct of the person who caused the plaintiff's injury. *Graff v. Beard*, 858 S.W.2d 918, 920 (Tex. 1993). Generally, a person is under no legal duty to control the conduct of others, even if the person has the ability to do so. *Nabors Drilling* at 404. However, a person may have a duty to control another's conduct because of their relationship. *Nabors Drilling* at 405.

iii.   Texas Law. In Texas, it has been establish that a party that has information that can match keys to locks has a duty to use a system that is reasonably devised to keeps keys and information as to which locks they open, secure from foreseeable access by a third party criminal. *Berry Property Management, Inc. v. Bliskey*, 850 S.W.2d 644 (Tex.App.-Corpus Christi, 1993).

### Breach of Duty

19.   DEFENDANT breached the duty to PLAINTIFF or ordinary care by failing to act reasonably in providing VIN-specific key source code information to a third party regarding PLAINTIFF's vehicle without PLAINTIFF's knowledge or without notifying PLAINTIFF.

20.   By DEFENDANT's action DEFENDANT should have reasonably anticipated that the key source information might fall in the wrong hands and that PLAINTIFF would be the victim of a criminal act.

21.   DEFENDANT had superior knowledge because it maintains a database of source code information.   DEFENDANT failed to maintain a system that could flag DEFENDANT when VIN-specific source code information is given out without PLAINTIFF's knowledge or consent.

### Proximate Cause

22.   DEFENDANT'S breach of duty proximately caused injury to PLAINTIFF. But for DEFENDANT's breach of duty PLAINTIFF's injury would not have

4

occurred. Any person of ordinary intelligence would have anticipated the danger created by the negligence of DEFENDANT.

### Damages

23. DEFENDANT'S breach of duty proximately caused injury to PLAINTIFF, which resulted in the following damages:

    a. Actual damages;

    b. Mental anguish in the past, present and future;

    c. Lost wages;

    d. Loss of earning capacity;

    e. Loss of consortium;

### Jury Demand

24. PLAINTIFFS demand a jury trial and tender the appropriate fee with this petition.

### Request for Disclosure

25. Under the authority of Texas Rule of Civil Procedure rule 194, PLAINTIFF requests that DEFENDANT disclose, within 50 days of the service of this request, the information or material described in Rule 194.2

### Prayer

26. For these reasons, PLAINTIFF asks that the Court issue citation for DEFENDANT to appear and answer, and that PLAINTIFF be awarded a judgment against DEFENDANT for the following:

    a. Actual damages;

    b. Pre-judgment and post-judgment interest;

    c. Mental anguish in the past, present and future;

5

d. Lost wages;

e. Loss of earning capacity;

f. Loss of consortium,

g. Exemplary Damage:   PLAINTIFF'S injury resulted from DEFENDANT'S fraud, malice, or gross negligence, which entitles PLAINTIFF to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)

h. Court Costs;

i. Attorney fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under ...

j. All other relief to which Plaintiff is entitled

Respectfully submitted,

/s/ Raul Magallanes

RAUL MAGALLANES
Texas State Bar # 24048631
PO Box 1213
Friendswood, TX 77549
Telephone: (281) 317-1397
Fax: (281) 271-8085
Attorney for Plaintiff

/s/ Louis Lopez

LOUIS ELIAS LOPEZ JR.
Texas State Bar Number: 00787923
416 N. Stanton, Fourth Floor, Suite 400
El Paso, TX 79901
Telephone: (915) 5439800
Fax: (915) 543-9804
Attorney for Plaintiff

6

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED Ricardo Magallanes v. Ford Motor Company
(e.g., John Smith v. All American Insurance Co, In re Mary Ann Jones; In the Matter of the Estate of George Jackson).

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| | | | |
|---|---|---|---|
| **Name:** | **Email:** | **Plaintiff(s)/Petitioner(s):** | ☒ Attorney for Plaintiff/Petitioner |
| Raul Magallanes | raul@ratalecorolaw.com | Ricardo Magallanes | ☐ Pro Se Plaintiff/Petitioner |
| | | | ☐ Title IV-D Agency |
| | | | ☐ Other: |
| **Address:** | **Telephone:** | | |
| PO Box 1213 | (281) 317-1397 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** | **Fax:** | **Defendant(s)/Respondent(s):** | **Custodial Parent:** |
| Friendswood, Texas 77549 | (281) 271-8085 | Ford Motor Company | |
| | | | **Non-Custodial Parent:** |
| **Signature:** | **State Bar No:** | | |
| *Raul Magallan* | 24048631 | | **Presumed Father:** |
| | | *(Attach additional pages as necessary to list all parties)* | |

| Civil | | | Family Law |
|---|---|---|---|

**Civil**

**Debt/Contract**
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

**Foreclosure**
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
- **Malpractice**
  - ☐ Accounting
  - ☐ Legal
  - ☐ Medical
  - ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☐ Premises
- **Product Liability**
  - ☐ Asbestos/Silica
  - ☐ Other Product Liability List Product:
- ☒ Other Injury or Damage: Negligence

- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property

- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

**Probate/Wills/Intestate Administration**
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action

- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment

**Family Law**
- ☐ Annulment
- ☐ Declare Marriage Void
- **Divorce**
  - ☐ With Children
  - ☐ No Children

- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Parent-Child Relationship**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Probate & Mental Health**
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

Rev 2/11

# APPENDIX
# TAB 3

# THE STATE OF TEXAS



FILED
NORMA L. FAVELA
DISTRICT CLERK

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

EL PASO COUNTY, TEXAS

TO:  **FORD MOTOR COMPANY**, who may be served with process by serving its registered agent for service of process CT CORPORATION SYSTEM at 350 NORTH ST. PAUL ST., STE. 2900, DALLAS, TX 75201-4234, TARRANT COUNTY
DEPUTY

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition and Request for Disclosure was filed in said court on the 17th day of April, 2013, by Attorney at Law RAUL MAGALLANES. PO BOX 1213, FRIENDSWOOD, TX 77549 in this case numbered **2013DCV1560** on the docket of said court, and styled:

### RICARDO MAGALLANES vs FORD MOTOR COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 24th day of April, 2013.

Attest: NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____ , Deputy
Dalia Amezaga

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

_____
*NAME OF PREPARER                    TITLE

_____
ADDRESS

_____
CITY              STATE              ZIP

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of
_____, 2011, at _____ I mailed to

_____

_____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Request for Disclosure attached thereto.

_____

_____
TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

      This forwarding address was provided:_____

El Paso County, Texas

By:_____
Deputy District Clerk

OR

_____
Name of Authorized Person

By:_____

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day

of _____, _____

_____
Notary Public, State of _____
My commission expires:_____

# APPENDIX
# TAB 4

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: FORD MOTOR COMPANY, who may be served with process by serving its registered agent for service of process, CT CORPORATION SYSTEM at 350 NORTH ST. PAUL ST , STE. 2900, DALLAS, TX 75201-4234, TARRANT COUNTY

Greetings.

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas

Said Plaintiff's Original Petition and Request for Disclosure was filed in said court on the 17th day of April, 2013, by Attorney at Law RAUL MAGALLANES, PO BOX 1213, FRIENDSWOOD, TX 77549 in this case numbered **2013DCV1560** on the docket of said court, and styled:

### RICARDO MAGALLANES vs FORD MOTOR COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 24th day of April, 2013.

Attest: NORMA L. FAVELA, District Clerk, El Paso County, Texas

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse

By _____
Dalia Amezaga

RE OR DELIVERY BY MAIL

at on the 24th day of
13
14, at 17:30 I mailed to
T Corp Company
350 North St Paul St
Suite 2400
Dallas Texas 75201
itered mail or certified mail with delivery
be only, return receipt requested, a true
th a copy of the Plaintiff's Original
for Disclosure attached thereto.

---

**U.S. Postal Service**
**CERTIFIED MAIL... RECEIPT**
(it Only: No Insurance Coverage Provided)

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ford Motor Company
Ct Corporation System
350 North St Paul St Ste 2400
Dallas Texas 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                          ☐ Addressee

B. Received by  C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

APR 2 6 2013

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

   7011 2000 0000 8031 4591

PS Form 3811, February 2004    Domestic Return Receipt

## RETURN OF SERVICE

*Mn: Ford motor Company*

Delivery was completed on _April 26th 2013_, delivered to _Cd Corporation System 350 NSt Pard St Ste 2900 Dallas Texas 75201_ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____

This forwarding address was provided: _____

El Paso County, Texas

By: _____
Deputy District Clerk

OR

_____
Name of Authorized Person

By: _____
*Authorized Texas Process Serv*

### VERIFICATION BY AUTHORIZED PERSON

State of Texas
County of El Paso

Before me, a notary public, on this day personally appeared _Holt Vailey Rn_ known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _1st_ day
of _May_ _2013_

_____
Notary Public, State of _Texas_

My commission expires: _6/6/2013_

# APPENDIX
# TAB 5

Filed
13 May 20 A7:22
Norma L. Favela
District Clerk
El Paso District

CAUSE NO.  2013-DC1560

| | | |
|---|---|---|
| RICARDO MAGALLANES, | ) | **IN THE DISTRICT COURT OF** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **EL PASO COUNTY, TEXAS** |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **384TH JUDICIAL DISTRICT** |

## FORD MOTOR COMPANY'S  SPECIAL EXCEPTIONS, ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION, AND RELIANCE ON JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ford Motor Company ("Ford"), defendant in the above-styled and numbered cause, and files this Special Exceptions, Original Answer to Plaintiff's Original Petition, and Reliance on Jury Demand, and would show the Court as follows:

**A.**     **Special Exceptions.**

1.     Pleading Standard.   Ford cannot prepare a defense to a lawsuit unless it is reasonably appraised of the specific facts upon which the suit is based.  Consequently Plaintiff's petition is deficient and fails to give Ford fair and adequate notice of the facts asserted against Ford as required by Tex. R. Civ. P. 47, and the Court should order Plaintiff to re-plead the petition to reasonably allege the factual basis for plaintiff's claims.  *See Roark v. Allen,* 633 S.W.2d 804, 810 (Tex. 1982) (A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim).

2.     Defective Notice of Claims of Gross Neglect and Malice.   Under Texas law, the definition of "gross negligence" or "malice" as a basis for exemplary damages is governed by statute.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a)(3) and §41.001(7)B).  Under Tex. Civ. Prac. & Rem. Code Ann. §41.003(a)(3), exemplary damages may be awarded in a wrongful death

1

case in cases of "gross neglect." "Gross neglect" is defined as: An act or omission: which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety or welfare of others. Tex. Civ. Prac. & Rem. Code Ann. §41.001(7)B). "Malice" is defined the same as "gross negligence" except that a plaintiff may prove "a specific intent by the defendant to cause substantial injury to the claimant" as an alternative to support exemplary damages based on alleged "malice." Tex. Civ. Prac. & Rem. Code Ann. §41.001(7).

Plaintiff has not alleged any facts that would support a claim for exemplary damages against Ford based on "gross neglect" or "malice." Plaintiff has not alleged a specific act or omission that involved an extreme degree of risk. Plaintiff has not alleged any facts that would support a claim that Ford was actually subjectively aware of any risk relevant to the claims in this lawsuit. Plaintiff has not alleged any facts to support a claim that Ford had a specific intent to cause substantial injury to Plaintiff. Finally, plaintiff has not alleged any facts that would support a claim that Ford proceeded with conscious indifference to the rights, safety or welfare of others. In short, there are no facts pled to support a claim for exemplary damages under Texas law. Plaintiff should either withdraw the claim from the pleadings or plead sufficient facts to support the claim so that Ford may investigate and evaluate Plaintiff's claims and prepare its defense.

3.    <u>No Pleadings to Specify Maximum Damages Claimed.</u>    Plaintiff has failed to comply with Tex. R. Civ. P. 47(c) which requires that the plaintiff identify in his petition the amount of monetary relief sought. Plaintiff may not conduct discovery until he has filed an amended pleading to correct this error. Ford further specially excepts to Plaintiff's Original Petition

pursuant to Tex. R. Civ. P. 47 and asks that Plaintiff be required to replead and to identify the maximum amount of damages being sought.

    4.   <u>Argument.</u>  The Court should not allow such pleadings – they constitute trial by ambush. Unless Plaintiff's counsel is ordered to specifically allege facts to support these contentions, plaintiff will have incentive to continue to prosecute the case with vague, ambiguous, global and nonsensical pleadings. The net effect of this type of practice is that it works a severe hardship on Ford in the preparation of its defense and for trial.

    Failure to specify the nature of the claims asserted also wastes the time and resources of the Court, since reasonably specific allegations will assist the parties in defining a reasonable and appropriate discovery scope, preventing unnecessary hearings to determine the nature of the claims and the proper scope of discovery.

    Re-pleading with reasonable specificity will also facilitate the investigation of the claims and may help facilitate settlement negotiations, since Ford will be able to better evaluate the factual merit of the claim once Ford is made aware of the essential facts underlying Plaintiff's claims. It is unjust and unfair to permit Plaintiff to try a significant case in such a manner that the defendant is not aware of the essential factual basis of the claim and is thus precluded from effectively investigation and defending against the claims.

    Ford requests that these Special Exceptions be granted, and that the offending allegations be stricken or that plaintiff be given an appropriate but limited period of time within which to replead. If plaintiff does not timely replead, Ford requests that the allegations in question be stricken.

**B.**    **<u>General Denial</u>**

    Ford invokes the provisions of Rule 92, Texas Rules of Civil Procedure, and does thereby exercise its legal right to require Plaintiff to prove all of the allegations contained in Plaintiff's

pleading, if Plaintiff can so prove them, which is denied. Accordingly, Ford denies generally the allegations of Plaintiff's pleading and demands strict proof thereof by a preponderance of the evidence.

## C.   Affirmative Defenses

1.   For further answer, if such be necessary, Ford alleges that plaintiff's claims are barred by the applicable limitations period.

2.   For further answer, if such be necessary, Ford asserts that Plaintiff's claims fail to state a claim upon which relief may be granted as a matter of law, including but not limited to Plaintiff's claims for attorneys fees.

3.   For further answer, if such be necessary, Ford alleges that Jesus Chavez and Carlos Albert Gomez are both a "responsible third party" as that term is defined and used in Sections 33.003 and 33.011 of the Texas Civil Practices & Remedies. The criminal complaint filed against Jesus Chavez states that Jesus Chavez and Carlos Albert Gomez conspired to use frequent travelers between El Paso, Texas and Juarez, Mexico, such as Ricardo Magallanes, to traffic illegal drugs across the border between Mexico and the United States. Ford states that Jesus Chavez and Carlos Albert Gomez's intentional conduct was either the sole, or at a minimum a concurring, cause of Plaintiff's injuries and damages.

4.   For further answer, if such be necessary, Ford alleges that the criminal acts committed by Jesus Chavez and/or Carlos Albert Gomez of breaking into Plaintiff's vehicle for the purpose of furthering criminal trafficking of illegal drugs and/or the acts, whether criminal or merely negligent, committed by a licensed Texas locksmith located in El Paso, Texas (the "El Paso Locksmith") of making duplicate keys for vehicles not owned by the locksmith's customer and/or the acts committed by the person who accessed Ford's VIN database and provided the key code

4

information to the El Paso, Texas locksmith (the "Database Information Provider"), whether criminal or merely negligent, were each intervening and superseding causes of Plaintiff's injuries. One or more of the acts or omissions of these independent agencies destroyed the causal connection between the act or omission alleged against Ford and the Plaintiff's injuries and thereby became the immediate cause of the injuries. Ford requests that the jury be instructed on the inferential rebuttal issue of new and independent intervening cause.

5.      For further answer, if such be necessary, Ford alleges that the acts and/or omissions of Jesus Chavez, Carlos Alberto Gomez and unknown co-conspirators, John Doe and Jane Doe, the El Paso Locksmith and/or the Database Information Provider were the sole proximate cause of Plaintiff's injuries and damages. Ford accordingly requests that the jury be instructed on the inferential rebuttal defense of sole proximate cause.

6.      For further answer, if such be necessary, Ford requests that in accordance with requests that in accordance with TEX. CIV. PRAC. & REM. CODE § 33.003 the jury determine the percentage of responsibility for causing in any way the harm for which recovery of damages is sought of the plaintiff, each settling person and each responsible third party who has been designated under § 33.004, TEX. CIV. PRAC. & REM. CODE.

7.      For further answer, if such be necessary, Ford requests that in the event at the time of submission plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., that in accordance with the statutory requirements imposed by TEX. CIV. PRAC. & REM. CODE § 18.091 the Court "instruct the jury as to whether any recovery for compensatory damages sought by the claimant is subject to federal or state income taxes."

8.    For further answer, if such be necessary, Ford alleges that Plaintiff's recovery of medical or health care expenses, if any, incurred be limited to the amount actually paid or incurred by or on behalf of the Plaintiff.   TEX. CIV. PRAC. & REM. CODE § 41.0105.

9.    For further answer, if such be necessary, Ford alleges that Plaintiff may not recover any amount of damages if Plaintiff's percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled.   TEX. CIV. PRAC. & REM. CODE § 33.001.

10.   For further answer, if such be necessary, Ford alleges that in accordance with Section 33.013 of the Texas Civil Practices & Remedies Code, Ford may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of Ford, when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

11.   For further answer, if such be necessary, with respect to Plaintiff's allegation of punitive or exemplary damages, Ford alleges as follows:

a.    Ford states that Plaintiff's claim for punitive damages against Ford cannot be maintained, because an award of punitive damages under current Texas law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article I, sections 13 and 19 of the Texas Constitution, and the common law and public policies of the State of Texas.

b.    Ford states that Plaintiff's claim for punitive damages against Ford cannot be maintained, because any award of punitive damages under Texas law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive

6

damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Ford, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Any such verdict would violate Ford due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Article I, sections 13 and 19, and would be improper under the common law and public policies of the State of Texas.

c.    Ford states any award of punitive damages based on anything other than Ford's conduct in connection with the one incidence of use of its VIN database that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 13 and 19 of the Texas State Constitution, and would be improper under the common law and public policies of the State of Texas, because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Texas  In addition, any such award would violate principles of comity under the laws of the State of Texas.

d.    To the extent that the law of Texas permits punishment to be measured by the net worth or financial status of Ford and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Ford in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, Sections 13 and 19 of the Texas State Constitution.

e.    Plaintiff may not be awarded exemplary damages unless he establishes by clear and convincing evidence that Ford acted with gross neglect or malice, which Ford denies.  TEX. CIV. PRAC. & REM. CODE § 41.003.

f.    Ford insists that in the unlikely event any claim for recovery of punitive damages is submitted to the jury, that in accordance with TEX. CIV. PRAC. & REM. CODE § 41.003(d) and (3), the Charge of the Court instruct the jury that

any finding of "liability for and amount of exemplary damages" must be unanimous.

g. In the unlikely event of any exemplary damage award, Ford further invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.008 limiting any award of exemplary damages to either $200,000 or two times the amount of "economic damages, " as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.

## E.   **Reliance Upon Jury Demand**

Ford hereby relies upon the Plaintiff's jury demand.

WHEREFORE, defendant Ford Motor Company prays that Plaintiff take nothing by this suit, that Ford have judgment for its costs in this proceeding, and that the Court grant Ford such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS L.L.P.
701 Brazos, Suite 1500
Austin, Texas 78701
(512) 708-8200
(512) 708-8777 (fax)


BY:   /s/ William L. Mennucci
        Michael W. Eady (Attorney-in-Charge)
        State Bar No. 06332400
        William L. Mennucci
        State Bar No. 00788042

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and/or by certified mail, return receipt requested. Parties may access this filing through the Court's system.

Raul Magallanes
P. O. Box 1213
Friendswood, TX  77549

Louis Elias Lopez Jr.
416 N. Stanton, Fourth Floor, Suite 400
El Paso, TX  79901

/s/ William L. Mennucci
William L. Mennucci