UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RICARDO MAGALLANES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | EP-13-CV-00175-DCG |
| v. | § | |
| | § | |
| FORD MOTOR COMPANY, | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

Presently before the Court is Defendant Ford Motor Company's ("Defendant" or "Ford") "Rule 12(c) Motion for Judgment on the Pleadings on Plaintiff's Exemplary Damages Claims" (ECF No. 9); Plaintiff Ricardo Magallanes' ("Plaintiff" or "Magallanes") "Opposition to Defendant's Rule 12(c) Motion for Judgment on the Pleadings" (ECF No. 10); and Defendant's "Reply to Plaintiff's Opposition to Defendant's Rule 12(c) Motion for Judgment on the Pleadings" (ECF No. 11). Also pending before the Court for consideration is Plaintiff's "Amended Opposition to Defendant's Rule 12(c) Motion for Judgment on the Pleadings" ("Plaintiff's Amended Response") (ECF No. 12), and Defendant's "Reply to Amended Plaintiff's Opposition to Defendant's Rule 12(c) Motion for Judgment on the Pleadings" ("Defendant's Amended Reply") (ECF No. 13).[1] After reviewing the motion, memoranda of counsel, and applicable law, the Court enters the following opinion and orders.

---

[1] Plaintiff's Amended Response and Defendant's Amended Reply should have been filed as sur-replies—a party's formal request to seek the court's permission to file any additional submissions on the motion. Plaintiff and Defendant are strongly cautioned against improperly filing these type of responses in the future. *See* W.D. Tex. Civ. R. 7(f)(1) ("Local Court Rules") ("Generally. A party may file a reply in support of a motion. *Absent leave of court, no further submissions on the motion are allowed.*") (emphasis added); *see also*, Local Court Rule 7(b) ("Leave to File. When a motion for leave to file a pleading, motion, or other submission is required, an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave. Unless otherwise ordered, if the

## I. Factual and Procedural Background

In the instant case, Plaintiff sues Defendant for common law negligence and exemplary damages under Section 41.003 of the Texas Civil Practice and Remedies Code. Plaintiff initiated suit in state court in El Paso County, Texas, on or about April 17, 2013. *See* Notice of Removal 1, ECF No. 1. Thereafter, on May 24, 2013, Defendant removed the above-styled cause to federal court which Plaintiff did not contest. *See id.* Subsequent to removal, Plaintiff filed his First Amended Complaint alleging substantially the same causes of action. *Compare* Notice of Removal 10–15 [hereinafter Original Petition], *with* Am. Compl. 1–8, ECF No. 2. Defendant now files a judgment on the pleadings for Plaintiff's exemplary damages claim, asserting that based on Plaintiff's allegations, and pursuant to Section 41.005 of the Texas Civil Practice and Remedies Code, Plaintiff is barred from recovering such damages.

In support of Plaintiff's causes of action, and without the benefit of discovery, Plaintiff alleges the following factual narrative. In August 2010, Defendant financed Plaintiff's 2007 Ford Focus, with Vehicle Identification Number (VIN) 1FAFP34N17W133926, under account number 42278074. *See* Am. Compl. 2. Evidenced by monthly billing statements at his address and an online account through Defendant's website (i.e. www.fordcredit.com), Plaintiff alleges that he maintained an ongoing relationship with Defendant. *See id.*

Plaintiff further asserts that Defendant maintains an electronic database that documents specific account activity such as indicating when VIN-specific information is accessed by authorized users at Defendant's automobile dealerships. *Id.* Plaintiff alleged that Defendant maintains and includes in its database VIN-specific key source codes—often used to make car key duplicates. *Id.* at 2–3. In accord with said records, Plaintiff contends that on or about

---

motion for leave is granted, the clerk shall promptly file the pleading, motion, or other submission. After leave is granted, any applicable time limits triggered by the pleading, motion, or other submission shall run from the filing of the pleading, motion, or other submission by the clerk or otherwise.").

September 10, 2010, Defendant supplied a third-party with VIN-specific information pertaining to Plaintiff's car and account number. *Id.* at 3. Plaintiff asserts, however, that he never requested his car's VIN key source code and never received notice that Defendant authorized release of the above information to a third-party. *Id.*

Plaintiff alleges that he suffered harm as a result of Defendant's negligent release of Plaintiff's VIN-specific information. In support, he alleges that on or about November 15, 2010, while Plaintiff's vehicle was parked in Ciudad Juárez, Chihuahua, México, members of a drug smuggling organization used a duplicate key to open and place into the car trunk two duffle bags containing narcotics. *Id.* The next day, on or about November 16, 2010, U.S. Customs and Border Patrol, at the international bridge in El Paso, Texas, performed a routine inspection and found the narcotics in Plaintiff's car trunk when he attempted to cross back into the United States. *Id.* Resultantly, Plaintiff was arrested, indicted, and imprisoned until his release on May 13, 2011. *Id.* at 4. After the Federal Bureau of Investigation (FBI) obtained evidence of the conspiracy conjured by members of a Mexican drug smuggling organization and arrested one of the perpetrators, the United States Government dismissed all indictments against Plaintiff on June 27, 2011. *Id.*

Defendant now moves for a Rule 12(c) judgment on the pleadings. Defendant asserts that based upon the facts alleged in the First Amended Complaint, the instant action arises from harm resulting from a criminal act. *See* Def.'s Mot. 1. Thus, Defendant contends that it is entitled to a judgment on the pleadings on Plaintiff's claim for exemplary damages because Defendant is exempt from exemplary damages in this case pursuant to Section 41.005(a) of the Texas Civil Practice and Remedies Code.

## II. Legal Standard

Subsequent to the filing of an answer, defendant or plaintiff may file a Rule 12(c) motion for judgment on the pleadings. Rule 12(c) of the Federal Rule of Civil Procedure reads as follows: "*After the pleadings are closed*—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) (emphasis added). Rule 12(c) motions are used to determine, "whether the pleadings either (1) establish the plaintiff's claims as a matter of law or (2) demonstrate their legal insufficiency." *See Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009).

The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *Jebaco*, 587 F.3d at 318 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). As the Fifth Circuit has explained, "[t]he issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). The district court should only grant a Rule 12(c) motion "when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

## III. Discussion

*A. Whether Defendant's 12(c) Motion was Prematurely Filed*

As a threshold matter, the parties argue as to whether Defendant's 12(c) Motion was prematurely filed in the instant case. Plaintiff contends that because the parties filed a Joint

Status Report and Proposed Scheduling Order (ECF No. 8) proposing that the parties be permitted to amend or supplement pleadings without leave of the Court until November 4, 2013, the pleadings in this case have not yet "closed." Before delving into the applicable law, the Court notes that it has not yet entered a scheduling order in this case and no deadlines have been set by the Court. Irrespectively, deadlines in a scheduling order are not determinative for the purpose of establishing the timeliness of Rule 12(c) motions. *See Beall Legacy Partners, L.P. v. City of Waxahachie, Tex.*, Civ. A. No. 3:05-CV-1942D, 2006 WL 353471, at *1 (N.D. Tex. Feb. 16, 2006); *Nortel Networks Ltd. v. Kyocera Wireless Corp.*, Civ. A. No. 3:02-CV-0032-D, 2002 WL 31114077, at *1 n.1 (N.D. Tex. Sept. 20, 2002) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 5012–13 (1990) (footnotes omitted)).

Here, Plaintiff filed his First Amended Complaint on June 2, 2013, and Defendant filed its answer on June 17, 2013. On July 1, 2013—the date that Defendant filed the instant motion—the pleadings were "closed" within the meaning of Rule 12(c). This Court's conclusion is supported by Rule 7(a) of the Federal Rules of Civil Procedure. Rule 7, entitled "Pleadings Allowed," defines what filings are considered pleadings and declares which pleadings shall be filed with the district court. Specifically, Rule 7(a) identifies pleadings as,

> (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a)(1)–(7). Thus, the pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming, as is the case here, that no counterclaim or cross-claim is made. Fed. R. Civ. P. 12(c); *see also Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) (internal citations omitted) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer."); *Flora v. Home Fed. Savs. & Loan Ass'n*, 685

F.2d 209, 211 n.4 (7th Cir. 1982) ("Fed. R. Civ. P. 7(a) prescribes when the pleadings are closed."); *Beall Legacy*, 2006 WL 353471, at *1; *Nortel Networks*, 2002 WL 31114077, at *1.

Because the final pleadings closed after Defendant filed its answer to Plaintiff's First Amended Complaint, and before the present motion was filed, the Court finds that the present motion was not procedurally premature for the purpose of Rule 12(c). Having determining that Defendant's motion is not untimely pursuant to Rule 12(c), the Court now turns to whether the requested relief is warranted.

## B. Plaintiff's Exemplary Damages Claim

In his First Amended Complaint, Plaintiff seeks exemplary damages under Section 41.003 of the Texas Civil Practice and Remedies Code. Section 41.003, entitled "Standards for Recovery of Exemplary Damages," permits such recovery for exemplary damages "only if the claimant proves by clear and convincing evidence that the harm . . . result from (1) fraud; (2) malice; or (3) gross negligence." Tex. Civ. Prac. & Rem. Code § 41.003 (2003).

Nonetheless, an exemption, which operates to bar recovery of exemplary damages under Section 41.003, is set forth in Section 41.005(a) of the Texas Civil Practice and Remedies Code. Section 41.005, entitled "Harm Resulting From Criminal Act," provides that "[i]n an action arising from harm resulting from an assault, theft, or other criminal act, a court may not award exemplary damages against a defendant because of the criminal act of another. Tex. Civ. Prac. & Rem. Code § 41.005(a)(1995).

A plain reading of the statute precludes as award against a defendant where the harm is caused by the criminal act of another. Relevant case law further holds that recovery is barred even if the defendant's actions are deemed a concurrent cause of the resultant harm. In *Miles v. Jerry Kidd Oil Co.*, 363 S.W.3d 823 (Tex. App.—Tyler 2012, no pet.), husband of the store

cashier, who was killed when she was struck by an intoxicated driver performing the duties of her job, was not entitled to an award of exemplary damages against his wife's employer based on allegation that employer was partially responsible for cashier's death by requiring her to traverse a heavily traveled roadway as part of her job duties. In construing Section 41.005, the *Miles* Court held that exemplary damages are not recoverable because the statute does not "punish[] a defendant for harm resulting from a criminal act of a third party when that defendant's actions are a *concurrent cause of the harm*." *Miles*, 363 S.W.3d at 826 (emphasis added). The court further noted that "[t]here is no theory of liability under which a defendant is punished for the criminal acts of unrelated third parties." *Id.*; *see also In re Islamorada Fish Co. Texas, L.L.C.*, 319 S.W.3d 908, 913 (Tex. App.—Dallas 2010, no pet.) (maintaining that Texas appellate courts have previously held that "[S]ection 41.005(a) applies to bar recovery of punitive damages" when plaintiffs attempt to recover exemplary damages from third-party bar-owner defendants who serve the injury-inducing drunk driver too many drinks).

Notwithstanding the exemption in subsection (a), subsection (b) of Section 41.005 further provides Texas four exceptions to the exemption set forth in subsection (a). *Miles*, 363 S.W.3d at 826; *compare* Black's Law Dictionary 653 (9th ed. 2009) (defining "exemption" as "freedom from a duty, liability, or other requirement"), *with id.* at 644 (defining "statutory exception" to "[a] provision in a statute exemption certain persons or conduct from that statute's operation"). Subsection (b) of Section 41.005 states the following:

(b) The exemption provided by Subsection (a) does not apply if:

(1) the criminal act was committed by an employee of the defendant;[2]

---

[2] If Section 41.005(b)(1) is at issue, subsection (c) of said statute states that,

(c) In an action arising out of a criminal act committed by an employee, the employer may be liable for punitive damages but only if:

(2) the defendant is criminally responsible as a party to the criminal act under the Provisions of Chapter 7, Penal Code;

(3) the criminal act occurred at a location where, at the time of the criminal act, the Defendant was maintaining a common nuisance under the provisions of Chapter 125, Civil Practice and Remedies Code, and had not made reasonable attempts to abate the nuisance; or

(4) the criminal act resulted from the defendant's intentional or knowing violation of a statutory duty under Subchapter D, Chapter 92, Property Code, and the criminal act occurred after the statutory deadline for compliance with that duty.

Tex. Civ. Prac. & Rem. Code § 41.005(b).

Here, Defendant contends that Section 41.005 is applicable in the instant case because Plaintiff's claims arise from Ford's failure to properly secure the key codes and failure to notify that the key codes had been provided to a third party. Def.'s Mot. 2. As such, Plaintiff alleges that Defendant's negligent actions facilitated the efforts of a criminal conspiracy to transport narcotics into the United States and resultantly caused Plaintiff to endure wrongful arrest and imprisonment. *See id.* In response, Plaintiff alleges that because his imprisonment was not a criminal act, Section 41.005(a) is not applicable. Pl.'s Am. Resp. 4. Nevertheless, Plaintiff does not dispute that in part, his harm resulted from criminal conduct—i.e. opening Plaintiff's car without lawful authority and placing narcotics in his trunk. Contemporaneous with the criminal conduct, Plaintiff also alleges that Ford is responsible for Plaintiff's harm when it provided VIN-specific key source codes to an unauthorized third party. As such, it appears that Plaintiff

---

(1) the principal authorized the doing and the manner of the act;

(2) the agent was unfit and the principal acted with malice in employing or retaining him;

(3) **the agent** was employed in a managerial capacity and was acting in the scope of employment; or

(4) the employer or a manager of the employer ratified or approved the act.

Tex. Civ. Prac. & Rem. Code § 41.005(c).

concedes that the harm was caused concurrently by Ford and the drug smuggling organization. Based upon the pleadings and memoranda of counsel, Section 41.005(a) appears to be applicable in the instant case.

Despite the exemption set forth in subsection (a) of Section 41.005, Plaintiff may still recover exemplary damages if he can prove that one of the exceptions provided in subsection (b) applies. Although Defendant asserts that exemplary damages in this case are barred by subsection (a), Defendant fails to address how and why the exceptions in subsection (b) do not apply, and, thus, further bar Plaintiff's recovery under Section 41.003. Instead, Defendant broadly states that the exceptions in subsection (b) are not applicable in this case. Plaintiff, however, contends that without discovery, Defendant's blanket dismissal of the potentially applicable exceptions is not justified. Pl.'s Am. Resp. 4. Moreover, Plaintiff asserts that without the benefit of discovery it will be deprived of the opportunity to determine whether Ford or an employee of Ford is involved in the criminal conspiracy. Tex. Civ. Prac. & Rem. Code § 41.005(b)(1)–(2).

Moreover, Plaintiff and Defendant appear to dispute whether Ford or an employee of Ford participated in the criminal conduct. *See* Am. Compl. 6 (alleging that Defendant has a duty to control another person); *id.* at 8 (alleging that Defendant should have anticipated the danger created by its own negligence). Because a motion brought pursuant to Rule 12(c) is designed to dispose of cases where the *material* facts are not in dispute, the Court finds that at this stage of the proceeding it remains possible that Plaintiff might produce evidence in discovery that would create a genuine issue of material fact with respect to Plaintiff's claim for exemplary damages. *See Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) ("Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are *no* disputed

issues of fact."). This possibility of acquiring such evidence remains disputed between the parties, and, thus, is properly subject to discovery. Plaintiff is entitled to use the discovery process to find and offer such evidence to support his claim for relief, and hence a judgment on the pleadings in favor of Defendant is improper.

### IV. Conclusion

At this particular pre-discovery juncture of the case, there is insufficient information before the Court to determine whether a judgment on the pleadings for Plaintiff's exemplary damages claim in favor of Defendant is proper. For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Ford Motor Company's "Rule 12(c) Motion for Judgment on the Pleadings on Plaintiff's Exemplary Damages Claims" (ECF No. 9) is **DENIED**.

**So ORDERED and SIGNED this 19th day of July, 2013.**

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE